IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02686-PAB-NYW

ROBERT ESCHINO JR and
RICK SCARPELLO,

    Plaintiffs,

v.

AURELIO LOPEZ,

    Defendant.

## ORDER

This matter is before the Court on defendant Aurelio Lopez's motion to dismiss [Docket No. 10]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

The complaint sets forth the following allegations, which, for the purpose of ruling on the instant motion to dismiss, the Court takes as true. *See Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) ("We must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."). Plaintiffs and defendant were, at all times relevant to this action, members[1] of SL Metal Works, L.L.C., a Colorado limited liability company ("SL Metal Works"). Docket No. 3 at 1-2, ¶¶ 2a,[2] 6-8. At some point, SL Metal Works borrowed

---

[1] Plaintiffs allege that each of them was, at times relevant to this action, "a 15.48% shareholder" of SL Metal Works. Docket No. 3 at 2, ¶¶ 6-7. Because plaintiffs' complaint alleges that SL Metal Works is an LLC rather than a corporation, the Court interprets plaintiffs' allegation to mean that they were members of the LLC.

[2] Plaintiffs' complaint mistakenly contains two paragraphs numbered paragraph 2. *See* Docket No. 3 at 1. The Court refers to the second "paragraph 2" as ¶ 2a.

$69,120.00 from Medically Correct LLC in order to manufacture machines used to extract THC from marijuana. *Id.* at 3, ¶¶ 16-17. The machines and various machine parts were SL Metal Works' only tangible assets. *Id.* ¶ 17. Plaintiffs allege that defendant has removed the machines as well as all funds in SL Metal Works' bank account and has refused to return the machines and funds to the company. *Id.* ¶¶ 18-19. Plaintiffs bring a derivative action on behalf of SL Metal Works and assert claims for breach of fiduciary duty, breach of contract, "fraud/embezzlement," and unjust enrichment. *See id.* at 4-5.

Defendant moves to dismiss on the grounds that plaintiffs' complaint does not satisfy the requirements of Rule 23.1 of the Colorado Rules of Civil Procedure because the complaint is not verified and does not describe any efforts made to obtain the desired action or explain plaintiffs' failure to make any such efforts. *See* Docket No. 10. Plaintiffs respond that they intend to file a motion for leave to amend their complaint. *See* Docket No. 18 at 1, ¶ 1. Plaintiffs filed their response in November 2014, *see id.*, but have not, as of the date of this Order, moved for leave to amend their complaint.

"Federal courts must look to state law to determine whether a demand . . . is necessary before a derivative action may be maintained on behalf of the corporation." *Brooks v. Land Drilling Co.*, 564 F. Supp. 1518, 1522 (D. Colo. 1983) (citations omitted). If state law requires that a demand be made before a plaintiff may bring a derivative action, a complaint must then satisfy the pleading requirements of Rule 23.1 of the Federal Rules of Civil Procedure. *Salit v. Stanley Works*, 802 F. Supp. 728, 737

(D. Conn. 1992).[3]

Under Colorado law, no LLC member may commence a derivative action against a limited liability company unless:

> (a) A written demand has been made upon the limited liability company to take suitable action; and
>
> (b) Thirty days have expired from the date the demand was made; except that the thirty-day limitation shall not be required where:
>
>> (I) The member has been notified prior to the expiration of the thirty-day period that the demand has been rejected by the limited liability company; or
>>
>> (II) Irreparable injury to the limited liability company would result from waiting for the expiration of the thirty-day period.

Colo. Rev. Stat. § 7-80-714.  Thus, Colorado requires a demand as a prerequisite to a derivative action.  As a result, plaintiffs must satisfy the requirements of Fed. R. Civ. P. 23.1.

Rule 23.1(b) requires, in relevant part, that a derivative complaint be verified and state with particularity "(A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B) the reasons for not obtaining the action or not making the effort.  Fed. R. Civ. P. 23.1(b), 23.1(b)(3).  Plaintiffs' complaint fails the verification requirement.  *See* Docket No. 3.  Plaintiffs apparently concede this defect, as they stated in response to defendant's motion that they intended to move for leave to file an amended complaint

---

[3]Defendant moves for dismissal pursuant to Rule 23.1 of the Colorado Rules of Civil Procedure.  *See* Docket No. 10.  However, Federal Rule 23.1 applies in this diversity action.  The two rules are substantively identical for the purposes of this motion, *compare* Fed. R. Civ. P. 23.1 *with* Colo. R. Civ. P. 23.1, but the Court will refer to the pleading requirements of the federal rule.

that would "include a verification statement as well as other necessary revisions," Docket No. 18 at 1, but plaintiffs have filed no such motion.  Defendant's motion will therefore be granted, and plaintiffs' complaint will be dismissed without prejudice.  *See Van Schaack v. Phipps*, 558 P.2d 581, 584 (Colo. App. 1976) (dismissing unverified complaint without prejudice pursuant to Colo. R. Civ. P. 23.1).  Because the Court will dismiss the complaint for lack of verification, the Court need not consider defendant's argument that the complaint should be dismissed for failure to comply with the requirements of Rule 23.1(b)(3) or for failure to state a claim upon which relief may be granted.

Wherefore, it is

**ORDERED** that defendant Aurelio Lopez's Motion to Dismiss [Docket No. 10] is **GRANTED**.  It is further

**ORDERED** that plaintiffs Robert Eschino Jr. and Rick Scarpello's first, second, third, and fourth claims for relief are dismissed without prejudice.  It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court.  It is further

**ORDERED** that this case is dismissed in its entirety.

DATED August 27, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge